UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Roxanne Moore

    v.                              Civil No. 18-cv-187-JD
                                      Opinion No. 2019 DNH 006

United States Department
of Agriculture

O R D E R

Roxanne Moore, proceeding pro se, filed suit against the United States Department of Agriculture (the "USDA") seeking an injunction to prevent a foreclosure sale on her home located at 8 Half Moon Lane, Kingston, New Hampshire (the "Half Moon Property"). The USDA moves for summary judgment. Moore did not file a response.

Standard of Review

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact only exists if a reasonable factfinder . . . could resolve the dispute in that party's favor." Town of Westport v. Monsanto Co., 877 F.3d 58, 64-65 (1st Cir. 2017) (internal quotation marks omitted). The court must take the facts and draw all

reasonable inferences in the light most favorable to the nonmoving party. McGunigle v. City of Quincy, 835 F.3d 192, 202 (1st Cir. 2016).

Background

As is noted above, Moore did not file a response to the USDA's motion for summary judgment. In this district, when a party does not file an opposition to a motion for summary judgment, all properly supported facts in the moving party's memorandum are deemed admitted. LR 56.1(b). Therefore, the facts presented by the USDA in support of the motion for summary judgment are deemed to be admitted by Moore.

Moore granted the USDA a 30-year mortgage on the Half Moon Property on August 31, 1988, in the amount of $95,000.00. Moore has not made a voluntary payment on the mortgage since January 7, 2013. The mortgage is in default and, as of November 6, 2018, had a total amount due of $128,428.75, including $42,709.89 in fees and interest.

Based on the materials Moore filed with her complaint, the USDA has sent Moore notices that she was in arrears on her mortgage payments, granted her a two-year moratorium on payments that expired in October 2015, addressed her mortgage subsidy agreement, and, finally, sent notices of planned foreclosure. Moore responded to at least some of the notices asking for

2

information and explaining her difficult circumstances.  After
receiving notice of a foreclosure sale of the Half Moon Property
scheduled for February 20, 2018, Moore filed a "Complaint to
Enjoin Foreclosure Sale" in state court on February 20, 2018.
The USDA removed the case to this court a week later, on
February 27, 2018.

## Discussion

The USDA argues that Moore cannot succeed in her suit to
enjoin the foreclosure sale because Moore's mortgage is in
default.  It further argues that, under the default provision in
the mortgage agreement, it has the right to foreclose on and
sell the property.  Therefore, the USDA argues, it has the legal
right to foreclose on the property.

The mortgage agreement provides in pertinent part:

> SHOULD DEFAULT occur in the performance or discharge of
> any obligation in this instrument or secured by this
> instrument, . . . the Government, at its option, with or
> without notice, may . . . (d) foreclose this instrument
> as provided herein or by law.

Doc. 7-3 at 3.  The USDA contends and Moore does not dispute
that the default provision allows it to foreclose the mortgage
because Moore has defaulted.

Nevertheless, in appropriate circumstances, the court may
enjoin the foreclosure of a mortgage.  N.H. Rev. Stat. Ann.
("RSA") §§ 479:25, II(c), 498:1; Murphy v. Fin. Dev. Corp., 126

N.H. 536, 539-40 (1985); Ruotolo v. Benjamin Franklin Corp., 122 N.H. 149, 149-50 (1982); F.D.I.C. v. Holden, 1994 WL 263691, at *5 (D.N.H. Jan. 26, 1994). An injunction prohibiting or setting aside a foreclosure sale is, however, an extraordinary remedy that requires the mortgagor to show evidence of failure to meet the statutory requirements under § 479:25 or evidence of failure to deal with the mortgagor fairly and in good faith. See Murphy, 126 N.H. at 540; Frangos v. Bank of America, N.A., 2014 WL 3699490, at *4 (D.N.H. July 24, 2014).

Moore offers no evidence that the USDA acted unfairly, in bad faith, or otherwise failed to meet the requirements of § 429:25. The undisputed facts show that the mortgage is in default, and Moore does not offer any argument that the USDA failed to satisfy any statutory prerequisite to foreclosure. Moore does not offer any evidence that the USDA misled her or dealt unfairly with her in the foreclosure process.

In her complaint, Moore suggested[1] that the foreclosure sale will be unfair because she had difficulty obtaining paperwork about potential alternative options to foreclosure. She also stated that she encountered several unfortunate financial circumstances that prevented her from paying the debt. Even

---

[1] Courts liberally construe the pleadings and arguments of pro se litigants. Tang v. Citizens Bank, N.A., 821 F.3d 206, 219-20 (1st Cir. 2016).

4

setting aside her failure to provide substantiating evidence, Moore's difficulty in obtaining unspecified paperwork about alternative options to foreclosure does not deprive the USDA of its right to foreclose on the property.  See, e.g., [Ruivo v. Wells Fargo Bank, N.A., 2012 WL 5845452, at *3 (D.N.H. Nov. 19, 2012)](#) (rejecting claim that mortgagee breached covenant of good faith and fair dealing by refusing to modify a mortgage contract).  Nor do financial difficulties suffice.  See id. ("Parties are bound by the agreements they enter into and the court will not use the implied covenant of good faith and fair dealing to force a party to rewrite a contract so as to avoid a harsh or inequitable result.").

## Conclusion

For the foregoing reasons, the USDA's motion for summary judgment (doc. no. [7](#)) is granted.

As all claims in the case are resolved on summary judgment, the clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

January 10, 2019
cc:  Roxanne Moore, pro se
     Michael. T. McCormack, Esq.